1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                              San Francisco Division

11   TRANSAMERICA LIFE INSURANCE            Case No. 23-cv-05914-LB
     COMPANY,
12
                  Plaintiff-in-Interpleader,    **ORDER DENYING MOTION TO
13                                              DISMISS**
          v.
14                                              Re: ECF No. 42

     ERICKA MOBLEY, et al.,
15
                  Defendants-in-Interpleader.
16

17                     **INTRODUCTION AND STATEMENT**

18        This is an interpleader action involving two former spouses' competing claims to the life-

19   insurance proceeds of the decedent husband Andrew Speight.[1] Defendant-in-interpleader Nanhui

20   Speight Jo was most recently married to Mr. Speight and is the administrator of his estate.

21   Defendant-in-interpleader Erika Mobley was married to Mr. Speight from 2002 to 2017, during

22   which time Mr. Speight took out a life-insurance policy and named Ms. Mobley as the beneficiary.

23   Mr. Speight never changed that beneficiary designation.[2]

24        Ms. Mobley now moves to dismiss one of Ms. Speight Jo's cross-claims for lack of subject-

25   matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). That cross-claim asserts that

26

27   _____

     [1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations
     are to the ECF-generated page numbers at the top of documents.

28   [2] Mobley Cross-Compl. – ECF No. 23; Speight Jo Cross-Cl. – ECF No. 38.

     ORDER – No. 23-cv-05914-LB

*United States District Court*
*Northern District of California*

1  Ms. Mobley wrongfully took or concealed property under Cal. Prob. Code § 859 (by not

2  disclosing the life-insurance policy during her divorce proceedings with Mr. Speight).[3] Ms.

3  Mobley contends that the court "does not have jurisdiction to hear an action arising under the

4  California Probate Code that is to be heard by a court of general jurisdiction" (the California

5  Superior Courts).[4]

6      All parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c).[5] The court

7  held a hearing on April 11, 2024 and denies the motion because the court has diversity

8  jurisdiction.

9  **STANDARD OF REVIEW**

10      A complaint must contain a short and plain statement of the grounds for the court's

11  jurisdiction. Fed. R. Civ. P. 8(a)(1). The party asserting jurisdiction has the burden of establishing

12  jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Ass'n of Am.*

13  *Med. Colls. v. United States*, 217 F.3d 770, 778–79 (9th Cir. 2000).

14      A defendant's Rule 12(b)(1) jurisdictional attack can be facial or factual. *White v. Lee*, 227

15  F.3d 1214, 1242 (9th Cir. 2000). "A 'facial' attack asserts that a complaint's allegations are

16  themselves insufficient to invoke jurisdiction, while a 'factual' attack asserts that the complaint's

17  allegations, though adequate on their face to invoke jurisdiction, are untrue." *Courthouse News*

18  *Serv. v. Planet*, 750 F.3d 776, 780 n.3 (9th Cir. 2014). If the defendant mounts a factual attack, he

19  may rely on "affidavits or any other evidence properly before the court," in which case it

20  "becomes necessary for the party opposing the motion to present affidavits or any other evidence

21  necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter

22  jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). In such cases, "[t]he

23  district court obviously does not abuse its discretion by looking to this extra-pleading material in

24  deciding the issue, even if it becomes necessary to resolve factual disputes." *Id.*

25

26  ---
[3] Speight Jo Cross-Cl. – ECF No. 38 at 13 (¶¶ 54–57).

27  [4] Mot. – ECF No. 42.

28  [5] Consents – ECF Nos. 12, 26, 40.

United States District Court
Northern District of California

1    Dismissal of a complaint without leave to amend should be granted only when the

2 jurisdictional defect cannot be cured by amendment. *Eminence Cap., LLC v. Aspeon, Inc.*, 316

3 F.3d 1048, 1052 (9th Cir. 2003).

4                                          **ANALYSIS**

5    Ms. Mobley contends in effect that the court cannot have subject-matter jurisdiction over a

6 claim that arises under the California Probate Code. But although there is a probate exception to

7 federal jurisdiction, it does not apply here and the court has diversity jurisdiction.

8    For diversity jurisdiction, the opposing parties must be citizens of different states, and the

9 amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). In a rule-interpleader action

10 like this case, "there must be diversity between the stakeholder on one hand and the claimants on

11 the other." *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1007 n.1 (9th Cir. 2012).

12    "The probate exception to federal jurisdiction reserves probate matters to state probate courts

13 and precludes federal courts from disposing of property in the custody of a state court." *Goncalves*

14 *Goncalves ex rel. Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1251 (9th Cir.

15 2017). The exception applies only if "a federal court is endeavoring to (1) probate or annul a will,

16 (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the

17 custody of the probate court." *Id.* at 1252.

18    Here, neither party disputes that the court has diversity jurisdiction. The issue then is whether

19 the probate exception applies, because if it does not, then Ms. Mobley has not shown that the court

20 lacks jurisdiction. Because none of the three contexts described in *Goncalves* exists here, the

21 probate exception does not apply.

22    In her reply brief, Ms. Mobley contends that "the domestic relations exception to federal

23 jurisdiction" applies. In support, she relies on *Kowalski v. Boliker*, 893 F.3d 987 (7th Cir. 2018).

24 The domestic-relations exception is very narrow, though, and is limited to substantive family-law

25 matters. *Id.* at 996 (the exception did not apply because "Kowalski complain[ed] of alleged

26 attempts to curtail his procedural rights in family court, but he d[id] not attack any application of

27 Illinois family law").

28    In sum, the court denies the motion to dismiss.

ORDER – No. 23-cv-05914-LB                          3

1                                **CONCLUSION**

2    The court denies the motion to dismiss. This resolves ECF No. 42.

3    **IT IS SO ORDERED.**

4    Dated: April 11, 2024

5

6                                       LAUREL BEELER
                                     United States Magistrate Judge

United States District Court
Northern District of California

ORDER – No. 23-cv-05914-LB                     4